

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. C. Blair, President
State Board of Education
Kerens, Texas

Dear Sir:

Opinion No. O-1301
Re: Authority of board set up by
General Appropriation Bill
to authorize use of estimated
surplus in per diem appropria-
tion for State Board of Educa-
tion, for traveling expenses.

We have your letter of August 17, 1939, presenting
your request to the Attorney General, as a member of the
board set up by the General Appropriation Bill, composed of
the Governor, the Treasurer, and the Attorney General, where-
in you ask the permission of the board to use the "estimated
surplus" in the appropriation provided by the legislature
for the payment of per diem of the board members, to pay
the traveling expenses of members of the board.

It is not necessary, for the purposes of this
opinion, to determine at this time whether the "estimated
surplus", to which you refer, is of that character with
which the board is authorized to deal. Your inquiry may
be resolved into this question:

"Assuming the 'estimated surplus'
to be one with which the board is au-
thorized to deal, may the board lawful-
ly permit such surplus, or any portion
of it, to be used to defray traveling
expenses?"

We direct your attention to that portion of the
general rider to the General Appropriation Bill which reads
as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable J. C. Blair, Page 2

> "Traveling Expenses. (a)  It is pro-
> vided that no expenditure shall be made for
> traveling expenses by any department of this
> state in excess of the amount of money item-
> ized herein for said purpose.  This provi-
> sion shall be applicable whether the item
> for traveling expenses is to be paid out of
> the appropriation from the General Fund, from
> fees, receipts or special funds collected by
> virtue of certain laws of this state, or from
> other funds (exclusive of Federal Funds)
> available for use by a department."

As your appropriation appears after the veto of
the Governor, no amount of money is itemized and available
therein for "traveling expense".  By the plain language of
the provisions of the rider above quoted, where no amount
is provided for traveling expense, no money may be expended
for that purpose.  And this prohibition extends to the board
as well as to the department heads.  It would be a futile
gesture for the board to authorize the use of moneys for a
purpose for which the legislature has provided no moneys
shall be spent.  Under the terms of the rider, the board is
not at liberty to authorize expenditure of a surplus for
"traveling expense;", but is denied that power by necessary
implication from the language quoted.

Your application states, and you contend, that
your board cannot function efficiently without traveling
expenses.  That is a matter which necessarily must have been
determined adversely to your contention by the Governor
when he vetoed the item provided by the Legislature for
traveling expenses.  The hardship, if any, thus imposed on
your department, affords no basis for the assumption by this
department of the legislative or executive prerogative, nor
does it afford any basis for the construction of the appro-
priation bill contrary to its plain intent and meaning.

It may be true, as you point out, that the legis-
lature meant to appropriate the $6,000 per annum for "per
diem and traveling expenses", and that the omission of the
words "and traveling expenses" was inadvertent, (though
this theory is weakened by the fact that the legislature
had provided a specific item of $500.00 per annum for
"traveling expenses" which was vetoed by the Governor).

Honorable J. C. Blair, Page 3

However, manifestation of legislative intent by non-action is not sufficient to satisfy the requirement of our constitution that the intent of our legislature be evidenced by overt action, that money be withdrawn from the Treasury only in pursuance of specific appropriations made by law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Richard W. Fairchild*

Richard W. Fairchild
Assistant

RWF:FL

APPROVED SEP 5, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN